IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

**MORRIS E. LEWIS**

    **Plaintiff,**

v.                                                                    **CIVIL ACTION NO. 0:11-CV-29**

**CAPITAL ONE BANK (USA), N.A.,**
**EQUIFAX INFORMATION SERVICES, LLC,**
**TRANS UNION, LLC, and**
**EXPERIAN INFORMATION SOLUTIONS, INC.**

    **Defendants.**

### DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER

COMES NOW defendant Capital One Bank (USA), N.A. ("COBUSANA"), by its undersigned counsel, and in response to the "First Amended Complaint Seeking to Impose Civil Liability Under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act; Seeking Statutory, Actual & Punitive Damages for Willful Violation; Common Law Breach of Contract; Attorney Fees & Jury Demand" ("Complaint") filed by Plaintiff Morris E. Lewis ("Plaintiff"), answers as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

COBUSANA admits the allegations in the "Introduction" to the Complaint to the extent Plaintiff states that he is alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681,

*et seq.* ("FCRA"), but COBUSANA denies the validity of such claims. COBUSANA denies the remaining allegations in the Introduction of the Complaint.

1. COBUSANA admits the allegations in paragraph 1 of the Complaint to the extent they allege that Plaintiff has asserted claims, although denied, which grant this Court jurisdiction. COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2. COBUSANA admits the allegations in paragraph 2 of the Complaint to the extent they allege Plaintiff is asserting claims under the FCRA, but denies the validity of such claims. COBUSANA denies the remaining allegations in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint are stated in the form of legal conclusions to which no response is required and to which no response is therefore made.

4. The allegations contained in paragraph 4 of the Complaint relating to 15 U.S.C. § 1681s-2(b) are stated in the form of legal conclusions to which no response is required and to which no response is therefore made. COBUSANA denies the remaining allegations in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint relating to 15 U.S.C. § 1681a(p) are stated in the form of legal conclusions to which no response is required and to which no response is therefore made. COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint relating to 15 U.S.C. § 1681a(p) are stated in the form of legal conclusions to which no response is required and to

which no response is therefore made.  COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint relating to 15 U.S.C. § 1681a(p) are stated in the form of legal conclusions to which no response is required and to which no response is therefore made.  COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint.

8. COBUSANA denies the allegations in paragraph 8 of the Complaint.

9. COBUSANA denies the allegations in paragraph 9 of the Complaint.

10. COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. The allegations in paragraph 11 of the Complaint do not implicate or relate to COBUSANA, and therefore, no response is required.  To the extent the allegations in paragraph 11 can be construed to require a response by COBUSANA, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

12. The allegations in paragraph 12 of the Complaint do not implicate or relate to COBUSANA, and therefore, no response is required.  To the extent the allegations in paragraph 12 can be construed to require a response by COBUSANA, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein..

13. The allegations in paragraph 13 of the Complaint do not implicate or relate to COBUSANA, and therefore, no response is required.  To the extent the allegations in paragraph

13 can be construed to require a response by COBUSANA, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

14. The allegations in paragraph 14 of the Complaint do not implicate or relate to COBUSANA, and therefore, no response is required. To the extent the allegations in paragraph 14 can be construed to require a response by COBUSANA, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

15. COBUSANA denies the allegations in paragraph 15 of the Complaint.

16. COBUSANA denies the allegations in paragraph 16 of the Complaint.

17. COBUSANA denies the allegations in paragraph 17 of the Complaint.

18. COBUSANA denies the allegations in paragraph 18 of the Complaint.

19. COBUSANA denies the allegations in paragraph 19 of the Complaint.

20. The allegations in paragraph 20 of the Complaint do not implicate or relate to COBUSANA, and therefore, no response is required. To the extent the allegations in paragraph 20 can be construed to require a response by COBUSANA, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

21. The allegations in paragraph 21 of the Complaint do not implicate or relate to COBUSANA, and therefore, no response is required. To the extent the allegations in paragraph 21 can be construed to require a response by COBUSANA, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

22. The allegations in paragraph 22 of the Complaint do not implicate or relate to COBUSANA, and therefore, no response is required. To the extent the allegations in paragraph 22 can be construed to require a response by COBUSANA, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

23. COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint as they relate to COBUSANA and, therefore, denies the same. To the extent the allegations in paragraph 23 of the Complaint implicate or relate to the other defendants, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of such allegations.

24. COBUSANA denies the allegations in paragraph 24 as they relate to COBUSANA. To the extent the allegations in paragraph 24 of the Complaint implicate or relate to the other defendants, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of such allegations.

25. COBUSANA denies the allegations in paragraph 25 as they relate to COBUSANA. To the extent the allegations in paragraph 25 of the Complaint implicate or relate to the other defendants, COBUSANA is without knowledge or information sufficient to form a belief as to the truth of such allegations.

26. COBUSANA admits the allegations in paragraph 26 of the Complaint to the extent they allege Plaintiff is asserting a claim solely against COBUSANA, but denies the validity of such claim. COBUSANA denies the remaining allegations in paragraph 26 of the Complaint.

27. COBUSANA admits the allegations in paragraph 27 of the Complaint to the extent they allege Plaintiff is asserting a claim under the FCRA, but denies the validity of such claim. The remaining allegations contained in paragraph 27 of the Complaint are stated in the form of legal conclusions to which no response is required and to which no response is therefore made.

28. Upon information and belief, COBUSANA admits the allegations in paragraph 28 of the Complaint to the extent they allege venue is proper based upon Plaintiff's citizenship and residence. COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint relating to 15 U.S.C. § 1681a(c) are stated in the form of legal conclusions to which no response is required and to which no response is therefore made. Upon information and belief, COBUSANA admits the allegations in paragraph 29 to the extent they allege that Plaintiff was and is a resident of Greenup County, Kentucky.

30. The allegations contained in paragraph 30 of the Complaint relating to 15 U.S.C. § 1681b are stated in the form of legal conclusions to which no response is required and to which no response is therefore made. To the extent a response is required, COBUSANA admits that it is sometimes considered a furnisher of information or user of consumer credit reports under the Fair Credit Reporting Act, but denies the remaining allegations in paragraph 30 of the Complaint.

31. Upon information and belief, COBUSANA admits the allegations in paragraph 31 of the Complaint.

32. COBUSANA admits the allegations in paragraph 32 of the Complaint.

33. COBUSANA denies the allegations in paragraph 33 of the Complaint.

34. COBUSANA denies the allegations in paragraph 34 of the Complaint.

35. COBUSANA denies the allegations in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are stated in the form of legal conclusions to which no response is required and to which no response is therefore made.

37. The allegations contained in paragraph 37 of the Complaint are stated in the form of legal conclusions to which no response is required and to which no response is therefore made.

38. COBUSANA denies the allegations in paragraph 38 of the Complaint.

39. COBUSANA denies the allegations in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint are stated in the form of legal conclusions to which no response is required and to which no response is therefore made. To the extent the allegations in paragraph 37 can be construed to require a response, COBUSANA denies the same.

41. COBUSANA denies the allegations in paragraph 41 of the Complaint.

42. COBUSANA admits the allegations in paragraph 42 of the Complaint to the extent they allege Plaintiff is asserting a claim solely against COBUSANA, but denies the validity of such claim. COBUSANA denies the remaining allegations in paragraph 42 of the Complaint.

43. COBUSANA admits the allegations in paragraph 43 of the Complaint to the extent they allege Plaintiff is asserting a common law breach of contract claim, but denies the validity of such claim. COBUSANA denies the remaining allegations in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint related to 28 U.S.C. § 1367 are stated in the form of legal conclusions to which no response is required and to which no

response is therefore made. COBUSANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint.

45. In response to the allegations in paragraph 45 of the Complaint, COBUSANA restates its responses in paragraphs 1 through 44 as if fully set forth herein.

46. COBUSANA denies the allegations in paragraph 46 of the Complaint.

47. COBUSANA denies the allegations in paragraph 47 of the Complaint.

48. COBUSANA denies the allegations in paragraph 48 of the Complaint.

49. COBUSANA denies the allegations in paragraph 49 of the Complaint.

50. COBUSANA denies the allegations in paragraph 50 of the Complaint.

51. COBUSANA is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. COBUSANA denies the allegations in paragraph 52 of the Complaint.

53. COBUSANA denies the allegations in paragraph 53 of the Complaint.

54. COBUSANA denies each and every allegation contained in the Complaint not specifically admitted herein.

55. COBUSANA denies that Plaintiff is entitled to any relief requested in the *ad damnum* clause contained in the Complaint or any relief at all based on the allegations of the Complaint.

56. COBUSANA reserves the right to amend and supplement its answer, assert such additional responses and bring such other claims by way of counterclaim, cross-claim or third-party claim or demand, as may be appropriate as additional facts become known.

**THIRD DEFENSE**

To the extent Plaintiff has been damaged, which is specifically denied by COBUSANA, Plaintiff's own failure to mitigate his alleged damages is pled in bar of any recovery by him in this action.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the doctrines of waiver and estoppel, and/or laches.

**FIFTH DEFENSE**

COBUSANA was not a party to the agreement referenced in paragraph 33 of the Complaint.  Nor did COBUSANA have any knowledge of any alleged agreement prior to the filing of the instant lawsuit.  Any alleged agreement asserted by Plaintiff fails for lack of consideration and, to the extent found applicable by discovery, the statute of frauds.

**SIXTH DEFENSE**

Plaintiff's claims against COBUSANA are barred because information COBUSANA furnished regarding Plaintiff's account, if any, was true.

**SEVENTH DEFENSE**

The matters of which Plaintiff complains were the direct result of acts or reactions of Plaintiff or third-parties.  The matters of which Plaintiff complains were not caused by any action or inaction on the part of COBUSANA.

**EIGHTH DEFENSE**

At all times, COBUSANA has complied with its duties under the FCRA, 15 U.S.C. § 1681, *et seq.*

## NINTH DEFENSE

COBUSANA denies that its actions, conduct, or behavior, or that the action, conduct, or behavior of its agents, servants, or employees caused Plaintiff to suffer any resulting injury.

## TENTH DEFENSE

To the extent Plaintiff's claims are barred by 15 U.S.C. § 1681p, COBUSANA asserts that his claims are untimely.

## ELEVENTH DEFENSE

COBUSANA has acted in good faith and without malice or intent to injure Plaintiff.

## TWELFTH DEFENSE

An award of punitive damages in this action is barred by the right to Due Process guaranteed by the Constitutions of the United States and Kentucky.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages because neither COBUSANA nor its officers, directors, managing agents, or employees committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, nor did COBUSANA ratify any such act.

## FOURTEENTH DEFENSE

Not being fully advised as to the facts and circumstances surrounding Plaintiff's Complaint, COBUSANA reserves unto itself the right to assert any and all other additional affirmative defenses and any other matters constituting an avoidance of liability, as contemplated by the Federal Rules of Civil Procedure and applicable state and federal law.

**WHEREFORE**, defendant Capital One Bank (USA), N.A., requests that Plaintiff's claims be denied, that the Complaint filed against it be dismissed with prejudice, and that it be awarded such other and further relief as the Court deems appropriate.

Dated:  April 18, 2011

**CAPITAL ONE BANK (USA), N.A.**

**By: Spilman Thomas & Battle, PLLC**


/s/ Niall A. Paul
Niall A. Paul (KY Bar No.89542)
P.O. Box 273, Charleston, WV 25321-0273
(304) 340-3800 (telephone)
(304) 340-3801 (facsimile)
npaul@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

**MORRIS E. LEWIS**

    **Plaintiff,**

v.                                                              **CIVIL ACTION NO. 0:11-CV-29**

**CAPITAL ONE BANK (USA), N.A.,**
**EQUIFAX INFORMATION SERVICES, LLC,**
**TRANS UNION, LLC, and**
**EXPERIAN INFORMATION SOLUTIONS, INC.**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Niall A. Paul, counsel for defendant Capital One Bank (USA), N.A., hereby certify that on April 18, 2011, I electronically filed the foregoing **Defendant Capital One Bank (USA), N.A's Answer** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Steven C. Shane, Esquire<br>P.O. Box 73067<br>Bellevue, KY 41073<br>shanelaw@fuse.net<br>*Counsel for Plaintiff* | Margaret Jane Brannon, Esquire<br>Jackson Kelly PLLC<br>P.O. Box 2150<br>Lexington, KY 40588-9945<br>mjbrannon@jacksonkelly.com<br>*Counsel for Experian Information Solutions, LLC* |
| William R. Brown, Esquire<br>Schuckit & Associates, PC - Zionsville<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>wbrown@schuckitlaw.com<br>*Counsel for TransUnion, LLC* | John M. Williams<br>Rajkovich, Williams, Kilpatrick & True, PLLC<br>3151 Beaumont Center Circle, Suite 375<br>Lexington, KY 40513<br>williams@rwktlaw.com<br>*Counsel for Equifax Information Services, LLC* |

                                                    /s/ Niall A. Paul_____
                                                  Niall A. Paul (KY Bar No. 89542)