Eastern District of Kentucky
**F I L E D**
JUN 1 4 2011
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | |
|---|---|
| MORRIS E. LEWIS, | ) |
| PLAINTIFF, | ) Civil Action No. 0:11-CV-00029-DLB |
| | ) **ELECTRONICALLY FILED** |
| v. | ) |
| CAPITAL ONE (USA) N.A.; TRANS UNION, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC, | ) |
| DEFENDANTS. | ) |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between the parties through their respective attorneys of record that this Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof. The parties stipulate as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, proprietary systems, confidential research or development or technology, commercially sensitive information or other proprietary information belonging to the defendant and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, good cause exists to grant an Order of this Court protecting such confidential documents and information to prevent specific prejudice and harm to the parties and such Order shall be and hereby is made by this Court on the following terms:

1. Any party or non-party producing or filing documents or other materials in this

action may designate such materials and the information contained therein as subject to this Order by denoting "Confidential" on the front of the document, or on portion(s) of the document for which confidential treatment is designated.

2. If a producing party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties in this action, the producing party may designate those particular documents as "Confidential—Attorneys' Eyes Only." In the absence of prior written permission from the designating party, or an order by the Court, materials designated "Confidential—Attorneys' Eyes Only" shall not be disclosed to any person other than counsel of record in this case.

3. Any Party who inadvertently fails to identify documents as "Confidential" or "Confidential—Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated information. Any Party receiving such improperly-designated information shall retrieve such information from persons not entitled to receive that information and, upon receipt of the substitute information, shall return or destroy the improperly-designated information.

4. In any dispute over the designation of material as "Confidential" or "Confidential—Attorneys' Eyes Only," the designating party shall have the burden of proving that the material is within the scope of protection afforded by FED. R. CIV. P. 26(c).

5. Deposition testimony can be designated by the parties as "Confidential" or "Confidential—Attorneys' Eyes Only." Such designation will be made on the

record if possible, but the parties can designate portions of such testimony as "Confidential" or "Confidential—Attorneys' Eyes Only" by providing written notice of such designation to the opposing parties within ten (10) days of receipt of the transcribed testimony by counsel. Until ten (10) days after receipt of the transcribed testimony, such testimony shall be treated by the parties as "Confidential" or "Confidential—Attorneys' Eyes Only." The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

6. All documents, discovery, transcripts, or other materials designated "Confidential" or "Confidential—Attorneys' Eyes Only," and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated confidential hereunder), shall not be used, directly or indirectly, by any person, including, but not limited to, all parties to this action, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action or in connection with the filing of pretrial motions or other papers with the Court in accordance with the provisions of this Order.

7. Except with the prior written consent of the party asserting confidentiality or pursuant to prior Order after notice, any document, transcript or pleading designated "Confidential" under this Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated

confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

a. Parties to this litigation, their counsel and counsel's employees to whom it is necessary that confidential information be shown for purposes of this litigation;

b. Fact witnesses subject to stipulation by the Parties that such witnesses need to know such information;

c. Expert witnesses disclosed pursuant to FED. R. CIV. P. 26(a)(2)(A);

d. Persons shown on the face of the document to have authored or received it;

e. Present or former employees of the producing party in connection with their depositions in this action (provided that no former employee shall be provided with information prepared after the date of his or her departure);

f. Court reporters retained to transcribe testimony; and

g. The Court and its officers.

8. Each person appropriately designated pursuant to paragraphs 7(b), (c) and (e) to receive Confidential information shall execute a copy of the Declaration of Compliance ("Declaration") attached hereto as Exhibit "A." Attorneys shall be notified at least 14 business days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated information are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 business days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. All persons receiving confidential materials produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except for the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, that party shall serve written notice of such objection to the opposing party. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking the designation has the burden of proof and must seek appropriate relief from this Court within thirty (30) days of the date when initially notified. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be treated as "Confidential" subject to the provisions of this Protective Order.

11. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the party asserting confidential treatment with respect to, any confidential information designated by said party in accordance with this Order. Any person breaching the provisions of this Order may, after hearing, be subject to the contempt powers of the Court.

12. If confidential information subject to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

13. If a Party files a document containing Confidential information with the Court, it shall file it under seal in compliance with the Electronic Case Filing Procedures for the Eastern District of Kentucky. However, documents that have been redacted pursuant to the Court's ECF Rules may not be designated "Confidential" solely on the basis of the redacted information. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the Parties may seek further protections against public disclosure from the Court.

14. The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege (provided that a privilege log is provided listing such documents) or as otherwise exempted from discovery under state or federal rules of procedure. Nor does it affect a party's right to seek sanctions under the applicable rules for discovery violations.

15. Nothing in this Order shall prevent a party from using at deposition, mediation, or trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

16. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

17. The Court may for good cause modify this Order or grant any party relief therefrom, and nothing in this Order shall be construed to prevent a Party from seeking further provisions enhancing or limiting confidentiality as may be appropriate.

18. Within sixty (60) days after the final termination of this litigation, and upon written notice by the designating party, all non-judicial documents, transcripts or other materials afforded confidential treatment pursuant to this Order (and any and all copies thereof), including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel constitute the work product of counsel, and not filed as evidence with the Court, shall be returned to the party that produced the materials. However, counsel shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

19. This Order is binding on any local or co-counsel retained by any party herein.

20. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

21. This Order shall take effect and shall be binding on the parties upon execution by

counsel for the parties, regardless of whether this Order is signed by the Court. In the event any party is severed or dismissed from this case, this Order shall remain in effect as to the severed or dismissed party, as well as the remaining parties. If at any time the Court enters any order inconsistent in any way with this Order, this Order shall remain in effect to the full extent that it is not inconsistent with the Court's order.

22. This Order shall remain binding after the conclusion of this case, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the Declaration agrees to be subject to the jurisdiction of this Court for purposes of this Order.

SO ORDERED
Signed By:
Edward B. Atkins
United States Magistrate Judge

Honorable Edward B. Atkins
United States Magistrate Judge

6/14/2011
Date

Approved by and agreed to:

s/ Steven C. Shane (with consent)
Steven C. Shane (0041124)
Trial Attorney for Plaintiffs
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800 voice
(859) 431-3100 facsimile
shanelaw@fuse.net

*Attorney for Plaintiff*

s/ William R. Brown
William R. Brown, Esq.
Sandra L. Davis, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: wbrown@schuckitlaw.com
sdavis@schuckitlaw.com

*Counsel for Trans Union, LLC*

*s/M. Jane Brannon (with consent)*
M. Jane Brannon
Jackson Kelly PLLC
175 East Main Street
P.O. Box 2150
Lexington, Kentucky 40588-2150
Telephone: (859) 288-2805
Facsimile: (859) 288-2849
Email: mjbrannon@jacksonkelly.com

*Counsel for Experian Information Solutions, Inc.*